UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re SUBPOENA OF DAVID MILLER<br><br>in<br><br>ADVERSARY PROCEEDING<br>NO. 12-CV-3040 (KBF) UNITED STATES<br>DISTRICT COURT FOR THE SOUTHERN<br>DISTRICT OF NEW YORK | Civil Action No.13-MC-_____<br><br>(United States District Court for the<br>Southern District of New York<br>No. 12 Civ. 3040 (KBF)) |

## MOTION TO QUASH SUBPOENA OF DAVID MILLER AND/OR ISSUE A PROTECTIVE ORDER

David Miller hereby moves this Court (i) pursuant to Fed. R. Civ. P. 45(c)(3), for an Order quashing the subpoena issued on June 11, 2013 in the District of Massachusetts and served on him in the District on June 21, 2013 by Century Indemnity Company ("Century"), and (ii) pursuant to Fed. R. Civ. P. 26(c), for a Protective Order preventing Century from forcing him to sit for a second deposition, after Century previously attended his original deposition, on the date originally scheduled by Century, but chose not to examine him. Northrop Grumman Corporation and Northrop Grumman Systems Corporation (collectively "Northrop Grumman"), parties in the underlying Adversary Proceeding pending in the Southern District of New York,[1] join in this motion.[2] As grounds for this motion, Mr. Miller and Northrop Grumman say as follows:

1.  In April 2013, Century served a subpoena on Mr. Miller, calling for him to sit for a deposition. On June 14, 2013, the date agreed to by the parties and the witness, Mr. Miller sat

---

[1] *Travelers Indem. Co., et al., v. Northrop Grumman Corp., et al.*, No. 12 Civ. 3040 (KBF) (S.D.N.Y.)

[2] Mr. Miller is a former environmental consultant to Northrop Grumman. Covington & Burling LLP represents Northrop Grumman in the underlying action before the Southern District of New York and represents Mr. Miller in connection with providing testimony in that case.

for a deposition at which Century and Travelers were represented by counsel who refused to examine the witness on any matter of substance.  On June 21, 2013, Mr. Miller was served with a second subpoena from Century, calling for a second deposition on July 11, 2013.

2.  On June 24, 2013, the court hearing the underlying action denied a letter motion brought by Century requesting approval of a second deposition of Mr. Miller.

3.  In further support of this Motion, Mr. Miller and Northrop Grumman hereby incorporate and refer to the Memorandum of Law in Support of the Motion to Quash Subpoena of David Miller and/or Issue a Protective Order.

**WHEREFORE,** Mr. Miller and Northrop Grumman respectfully request that this Court:

a)  Issue an Order quashing Century's subpoena calling for Mr. Miller's deposition on July 11, 2013;

b)  Issue a Protective Order preventing Century from forcing Mr. Miller to sit for a second deposition in this case;

c)  Award Mr. Miller and Northrop Grumman the costs and fees associated with bringing this Motion;

d)  Award Mr. Miller and Northrop Grumman such other and further relief as the Court deems appropriate.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1

I certify that prior to filing this motion, counsel for Mr. Miller and Northrop Grumman conferred with counsel for Century on multiple occasions in a good faith attempt to resolve the issues raised in this motion.  These conferences included conferences by phone on June 28, 2013 and July 2, 2013.  The participants were Georgia Kazakis, counsel for Mr. Miller and Northrop Grumman, and Shane Heskin, counsel for Century.  The conferences lasted 20-30 minutes.  In addition to these telephone conferences, the parties also exchanged written correspondence to resolve the matters addressed herein, including a letter from counsel for Mr. Miller and Northrop

Grumman to counsel for Century dated June 25, 2013, written objections of Mr. Miller and Northrop Grumman to the subpoena dated July 5, 2013, and email correspondence on June 26, June 28, June 29, and July 3, 2013.  The parties were unable to reach an agreement on any way to narrow their differences.

## REQUEST FOR COSTS AND SANCTIONS

It should not have been necessary for Mr. Miller to pursue this motion. By its insistence on pursuing a second deposition of Mr. Miller even after the court hearing the underlying case ruled that a second deposition of Mr. Miller would not be ordered, Century has demonstrated a persistent disregard of the burdens it seeks to impose on an elderly non-party witness and also burdened this Court unnecessarily. Therefore, Mr. Miller respectfully requests that the Court sanction Century and exercise its Rule 45 powers by requiring Century to pay the costs associated with this motion and subsequent briefing or hearing, if any.

Respectfully Submitted,

David Miller
By his attorneys,

*/s/ Ethan Z. Davis*
Andrea Peraner-Sweet, BBO #550515
Ethan Z. Davis, BBO #668973
SALLY & FITCH LLP
One Beacon Street, 16th Floor
Boston, MA 02108
Tel. 617-542-5542
Fax 617-542-1542

Georgia Kazakis
William F. Greaney
James A. Goold
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

Dated: July 8, 2013

**CERTIFICATE OF SERVICE**

      I, Ethan Z. Davis, hereby certify that this document filed through the ECF system will be sent electronically to any registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to counsel for Century Indemnity Company and to counsel the all parties in the underlying case by electronic mail and overnight mail on July 8, 2013.

                                */s/ Ethan Z. Davis*
                                Ethan Z. Davis